# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

**CARLTON LAMONT CHANEY, Sr.**                                      **PETITIONER**

No. 2:25-cv-00140 BSM/PSH

**C. HUMPHREY, WARDEN**                                              **RESPONDENT**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Petitioner Carlton Lamont Chaney, Sr. ("Chaney") filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on July 14, 2025 while an inmate at

Forrest City Medium FCI.[1] Doc. No. 1. Chaney was sentenced in 1998 to 430 months' imprisonment by the United States District Court for the Southern District of Indiana, case number IP 97-CR-01, for armed bank robbery, carjacking, felon in possession of a firearm, and carrying a firearm during the commission of a crime of violence. Chaney was also ordered to pay restitution of $40,299.76.[2] After Chaney's convictions were affirmed, he sought relief from the sentencing court pursuant to 28 U.S.C. §2255 in case number IP-99-1595-C-M/F. That relief was denied on July 11, 2002. *See* Doc. No. 1 at 22-23 (incomplete copy of order). That same day, the sentencing court entered a separate order in IP-97-CR-01 which vacated an enhancement for reckless endangerment on grounds that it was not warranted. *See* Doc. No. 1 at 21. In the order, the court noted that the correction did not result in a change in the guidelines range and did not alter Chaney's sentence. *Id.*

In 2024, while an inmate at Forrest City FCI in the Eastern District of Arkansas, Chaney filed a petition and amended petition pursuant to §2241 in case number 2:24-cv-00175-BSM, asserting that his restitution should have been reduced

---

[1] At the time he filed this case, Chaney was incarcerated in the Eastern District of Arkansas, but has since been transferred to another jurisdiction. *See* Doc. No. 10. Generally, under these circumstances, a district court would retain jurisdiction over the habeas petition if the petitioner properly filed it in the originating court. *See, e.g., Taylor v. Fikes*, No. 20-cv-1364PJS/ECW, 2022 WL 18584395, (D. Minn. Dec. 2, 2022), report and recommendation adopted, No. 20-1364, 2023 WL 1477839 (D. Minn. Feb. 2, 2023). The Court need not consider whether to retain jurisdiction under this circumstance because it finds that it is without subject matter jurisdiction for the reasons stated in this Recommendation.

[2] His sentence was later reduced to 408 months' imprisonment. Chaney has a projected release date of January 4, 2027.

when the sentencing court vacated the reckless endangerment enhancement and seeking discharge of the balance owed. *See* Doc. No. 1 at 5 and Doc. No. 6 at 1-2. *See also* Doc. No. 1 in 2:24-cv-00175. That action was dismissed without prejudice on January 27, 2025 for failure to exhaust administrative remedies. Doc. No. 6 at 1. *See also* Doc. Nos. 14 and 16 in 2:24-cv-00175. The United States Court of Appeals for the Eighth Circuit in case number 25-1313 summarily affirmed the judgment of the district court. Doc. No. 6 at 2. *See also* Doc. No. 26 in 2:24-cv-00175.

In the present case, Chaney again contends that the sentencing court wrongly failed to reduce its restitution order when it vacated the sentence enhancement, and now asserts that this failure constitutes extraordinary justification for his immediate placement in a residential reentry center or home confinement.[3] Doc. No. 1 at 9. Respondent Humphrey seeks dismissal of the petition on grounds that this Court does not have subject matter jurisdiction. This is so, according to Humphrey, because Chaney's claim does not attack the validity of his convictions or implicate the *duration* of his confinement. Instead, if relief were granted, Chaney would, at best, receive a change in the *location* of his confinement. *See* Doc. Nos. 6 and 8. The Court agrees that it does not have jurisdiction of Chaney's claim.

---

[3] Chaney has now exhausted his administrative remedies. *See* Doc. No. 8 at 2; Doc. No. 1 at 43-45.

An inmate seeking a writ of habeas corpus must attack the validity of his sentence or the duration of his confinement. *See Spencer v. Haynes,* 774 F.3d 467 (8th Cir. 2014); *Kruger v. Erickson*, 77 F.3d 1071 (8th Cir. 1996)(per curiam). When a habeas petitioner fails to do so, a district court lacks subject matter jurisdiction to enter a writ. *Id.; See also Fongers v. Garrett,* No. 2:24-cv-00046-LPR-PSH, 2024 WL 3625237 (E.D. Ark. Aug. 1, 2024), report and recommendation adopted, No. 2:24-cv-00046-LPR, 2024 WL 4652193 (E.D. Ark. Nov. 1, 2024).

Chaney's claim does not seek to attack either the validity of his sentence or the duration of his confinement. Instead, his claim seeks transfer to a residential reentry center or home confinement, that is, a change in the *location* of his confinement, but not a change in the *fact* or *duration* of his confinement. A habeas petitioner may attack the fact or duration of his confinement, but not the place of confinement. *See Spencer v. Haynes* and *Kruger v. Erickson, supra*; *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). *See also Wilson v. Rardin*, No. 23-cv-1653 PAM/ECW, 2024 WL 2222488, at *5-7 (D. Minn. April 15, 2024)(where only relief sought was transfer to prerelease custody, court was without habeas jurisdiction), report and recommendation adopted, 2024 WL 2220748 (D. Minn. May 15, 2024);*Wessels v. Houden*, No. 23-cv-1266 WMW/ECW, 2023 WL 7169154, at *1 (D. Minn. June 22, 2023)(only relief sought was transfer to prerelease custody and

court therefore had no habeas custody), report and recommendation adopted, 2023 WL 7168926 (D. Minn. Oct. 31, 2023).

For these reasons, the Court finds that it lacks jurisdiction to consider Chaney's claims and recommends that the case be dismissed without prejudice.

IT IS SO ORDERED this 9th day of October, 2025.

_____
UNITED STATES MAGISTRATE JUDGE